17-1777-cv
*Bruestle-Kumra v. Abbott Laboratories*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
*Circuit Judges,*
RICHARD M. BERMAN,
*District Judge.*[*]

---

N.K., an infant by his mother and natural guardian,
TANJA BRUESTLE-KUMRA,

         *Plaintiffs-Appellants,*         17-1777-cv

         v.

ABBOTT LABORATORIES,

         *Defendant-Appellee.*

---

**FOR PLAINTIFFS-APPELLANTS:**      STUART L. FINZ (Ameer Benno, *on the brief*), Finz & Finz, P.C., Mineola, NY.

---

[*] Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLEE:** JOHN A. MCCAULEY (Matthew T. McLaughlin and Adam Possidente, Venable LLP, New York, NY; Paul F. Strain, Christina L. Gaarder, and Stephen E. Marshall, Venable LLP, Baltimore, MD, *on the brief*), Venable LLP, Baltimore, MD.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ramon E. Reyes, Jr., *Magistrate Judge*).[†]

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 1, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-appellants Tanja Bruestle-Kumra and her infant child N.K. (jointly, "Plaintiffs") appeal from a September 1, 2017 judgment of the District Court granting defendant-appellee Abbott Laboratories' ("Abbott Labs") motion to strike the specific causation testimony of two of Plaintiffs' witnesses, and granting summary judgment in favor of Abbott Labs. On appeal, Plaintiffs argue that the District Court erred when it (1) applied the Federal Rule of Evidence 702 standard to the testimony of N.K.'s treating physician; (2) excluded the testimony of Plaintiffs' two expert witnesses on specific causation; (3) granted summary judgment in favor of Abbott Labs; and (4) denied Plaintiffs' motion to amend their pleadings. Upon review, we affirm the District Court's judgment.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### STANDARD OF REVIEW

This Court "review[s] the district court's decision to admit or exclude expert testimony under a highly deferential abuse of discretion standard." *Zuchowicz v. United States*, 140 F.3d 381, 386 (2d Cir. 1998). A district court's Rule 702 ruling "will be reversed only for manifest error." *United States v. Tin Yat Chin*, 371 F.3d 31, 40 (2d Cir. 2004). "That standard applies as much to the trial court's decisions about how to determine reliability as to its ultimate conclusion." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

This Court reviews *de novo* a district court's award of summary judgment, "constru[ing] the evidence in the light most favorable to the [losing party]" and "drawing all reasonable inferences and

---

[†] The parties consented to the referral of the case to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

resolving all ambiguities in [its] favor." *Darnell v. Pineiro*, 849 F.3d 17, 22 (2d Cir. 2017) (internal quotation marks omitted). We "will affirm only when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *In re 650 Fifth Ave. & Related Props.*, 830 F.3d 66, 86 (2d Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).

"We ordinarily review a district court's denial of a motion to amend the pleadings for abuse of discretion." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010).

## DISCUSSION

### I.

Plaintiffs first argue that the District Court erred when it applied Rule 702 to determine whether Dr. Lewis, N.K.'s treating physician, was qualified to offer testimony on causation. Specifically, Plaintiffs contend that the District Court should have considered Dr. Lewis as a *factual* witness—as opposed to an *expert* witness—because she developed her opinions in the course of treating N.K. And fact witnesses, Plaintiffs note, are not subject to Rule 702 scrutiny.

Plaintiffs' attempt to circumvent Rule 702 by proffering Dr. Lewis as a non-expert factual witness is self-defeating. Under New York law,[1] "expert medical opinion evidence . . . is required, when the subject-matter to be inquired about is presumed not to be within common knowledge and experience." *Meiselman v. Crown Heights Hosp.*, 34 N.E.2d 367, 370 (N.Y. 1941); *see also Fiore v. Galang*, 478 N.E.2d 188, 189 (N.Y. 1985). Plaintiffs wisely do not suggest that identifying the etiology of N.K.'s constellation of congenital anomalies is within common knowledge and experience. Expert medical opinion evidence is thus required to establish causation. *See Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 268 (2d Cir. 2002) ("[T]o establish causation, [Plaintiffs] must offer admissible *expert testimony* regarding both general causation . . . and specific causation." (emphasis added)).

The Federal Rules of Evidence provide that only Rule 702 expert witnesses may provide expert medical opinions. *See* Fed. R. Evid. 701(c) ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is . . . not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."). Accordingly, if Plaintiffs proffered Dr. Lewis as a non-expert factual witness, she could not provide the expert testimony required to establish causation.

---

[1] *See* 29 Charles Alan Wright & Victor James Gold, Federal Practice & Procedure: Evidence § 6263 (2d ed.) ("[S]tate law controls where it makes a precondition to recovery . . . the proffer of expert testimony to prove an element of the substantive-law claim, such as standard of care or causation."); *see also Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 268 (2d Cir. 2002).

In short, the District Court correctly determined that Dr. Lewis had to be admitted as a Rule 702 expert witness to provide expert testimony on specific causation.

## II.

Plaintiffs next argue that the District Court abused its discretion when it determined that Dr. Lewis, N.K.'s treating physician, and Dr. Stodgell, a teratologist and toxicologist, were not qualified to testify as Rule 702 expert witnesses. We disagree.

When parties seek to introduce expert testimony under Rule 702, the district court must play a "gatekeeping role," *Amorgianos*, 303 F.3d at 265, "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand," *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). As gatekeeper, the district court has significant discretion to consider numerous factors, including "[1] the theory's testability, [2] the extent to which it has been subjected to peer review and publication, [3] the extent to which a technique is subject to standards controlling the technique's operation, [4] the known or potential rate of error, and [5] the degree of acceptance within the relevant scientific community." *United States v. Romano*, 794 F.3d 317, 330 (2d Cir. 2015) (internal quotation marks omitted). We recognize that a district court's application of these factors "will necessarily vary from case to case." *Amorgianos*, 303 F.3d at 266.

The District Court here determined that, to lay a reliable foundation for their specific causation testimony, Plaintiffs' witnesses had to perform an adequate "differential diagnosis." That is, the witnesses had to "assess the patient's symptoms, create a list of possible causes, and then seek to eliminate possible causes to identify the most likely cause." Special App'x at 14 (internal quotation marks and alterations omitted). The District Court found particularly wanting the method that the witnesses employed to eliminate the possibility that genetic defects caused N.K.'s injuries.

In 2005, when N.K. was twelve days old, Dr. Lewis determined that N.K.'s injuries were likely caused by either exposure to Depakote or genetic defects. In an attempt to rule out genetic defects, Dr. Lewis referred N.K. for genetic testing. While the initial tests for genetic abnormalities came back negative, the geneticist recommended that N.K. "be re-evaluated in Genetics in six months or earlier if his tests are positive." App'x at 1397. We do not know from the record whether Dr. Lewis followed the geneticist's 2005 recommendation to have N.K. re-evaluated. *Id.* at 1366, 94:4–96:6 (Dr. Lewis's deposition testimony in which she is unable to find record of re-evaluation). But we do know that since 2005 at least four other physicians recommended or suggested additional genetic testing, and no additional genetic tests were ever conducted. *See, e.g.*, *id.* at 1371 (Dr. Morel); *id.* at 1373 (Dr. Engel); *id.* at 1288 (Dr. Wells); *id.* at 1295 (Dr. Mandel).

Based in part on the absence of additional genetic testing, the District Court determined that Dr. Lewis could not reliably eliminate the possibility that N.K.'s injuries were caused by genetic defects. We agree with the District Court. The District Court had more than adequate reason to

4

find, under the circumstances of this case, that a reliable differential diagnosis required the performance of additional genetic tests.

Dr. Stodgell did not conduct an independent differential diagnosis on N.K., but relied upon the same medical records as Dr. Lewis. Accordingly, the District Court also had adequate reason to exclude Dr. Stodgell's testimony on specific causation.

In short, we conclude that the District Court did not abuse its discretion when it excluded the testimony of Drs. Lewis and Stodgell on specific causation.

### III.

New York law requires expert witnesses to establish specific causation. *Meiselman*, 34 N.E.2d at 370; *see also Fiore*, 478 N.E.2d at 189. With the testimony of Drs. Lewis and Stodgell excluded, Plaintiffs could not proffer any expert witness testimony on specific causation. We therefore conclude that the District Court properly granted summary judgment in favor of Abbott Labs.

### IV.

Finally, Plaintiffs appeal the District Court's denial of their motion to amend their pleadings. Plaintiffs filed their motion over two years after their initial complaint and after the close of discovery. We affirm the District Court's denial principally for the reasons set forth in its February 28, 2017 Memorandum and Order.

### CONCLUSION

We have reviewed all of the arguments raised by Plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 1, 2017 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk